IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS PICOZZI,<br>    Plaintiff,<br><br>v.<br><br>GUY PEIAGELEE & SONS, *et al.*,<br>    Defendants. | :<br>:<br>:<br>:   CIVIL ACTION NO. 18-CV-2032<br>:<br>:<br>:<br>: |

**MEMORANDUM**

RUFE, J.                                                                                                                       MAY 17th, 2018

Thomas Picozzi, proceeding *pro se*, has filed a civil action against Guy Peiagelee & Sons, Harry McKucking, Franny Laffy, Ed Coreyel, Ed Coreyel, Jr., Joseph Biccala and Son, Gerry Coganlen, Mike Jacab, Noll Orr, Bob Burns, and Rich Gannon. He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the reasons set forth below, the Court will grant Picozzi leave to proceed *in forma pauperis* and will dismiss his Complaint.

**I.**     **FACTS**

In his Complaint, Picozzi alleges that Harry McKucking tried to kill him because he found out that McKucking had murdered his daughter. (Compl. at 3.) He contends that McKucking had Picozzi's ex-wife "drug [him] for years they killed [him he] came back." (*Id.*) Picozzi then heard "they [stole] over 150 million off of the state of PA convention." (*Id.*) Subsequently, "Carpenter top men where good friend with all the doctor they had [Picozzi] beat up put stuff in [his] private part [his] body where [he] can't have sex." (*Id.*) Guy Peiagalee and his son stole a grave site from Picozzi's family where "a little baby" was buried. (*Id.*) Franny Laffy "was involved in a murder of [Picozzi's] buddy Larry Sullivan," and she was also involved in what happened to Picozzi. (*Id.*) Picozzi contends that these events occurred in 2011. (*Id.*)

With respect to injuries, Picozzi claims that he "can't have sex can't pee [right] it all swelling up down there." (*Id.* at 4.) He has "a sound in [his] head all day." (*Id.*) He argues that he has called the carpenters' union 1,000 times and that it hasn't called him back. (*Id.*) As relief, Picozzi indicates that he "[doesn't] know what monetary compensation is." (*Id.*)

Picozzi has attached various exhibits to his Complaint, including statements indicating that he was beaten up at an AA meeting by five men and that he has filed a police complaint against "Murphy." (Compl. Ex. 1, ECF No. 2-1, at 1.) He has also attached a cease and desist letter from attorney Marc L. Gelman of Jennings Sigmond, the office which represents the Northeast Regional Council of Carpenters ("NRCC"). (*Id.* at 7.) That letter indicates that in 2017, Picozzi, on a daily basis, had been calling NRCC offices in Philadelphia and Syracuse to leave "numerous voicemails of a senseless and outlandish nature." (*Id.*) Gelman requested that Picozzi "immediately cease and desist from engaging in such harassing conduct and refrain from making any telephone calls to the NRCC absent those that serve a legitimate business purpose." (*Id.*)

## II.   STANDARD OF REVIEW

The Court will grant Picozzi leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

2

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Picozzi is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

At the outset, the Court notes that Picozzi's allegations rise to the level of being delusional. Upon reading the Complaint, the Court concludes that Picozzi's claims and allegations are primarily based upon his own irrational, nonsensical thoughts. For that reason, the Court will dismiss the Complaint as factually frivolous.

Even if Picozzi's Complaint asserted a non-frivolous claim for relief, the Court lacks subject-matter jurisdiction over the Complaint. Picozzi indicates that the basis for this Court's jurisdiction is federal question because the Defendants "took 150 million off State of PA convention center." (Compl. at 2.) If Picozzi is trying to bring claims seeking the prosecution of those who allegedly took this money, his claims are not cognizable. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Moreover, to the extent Picozzi is asserting civil rights claims pursuant to 42 U.S.C. § 1983, nothing in the Complaint suggests that the Defendants are state actors and that they deprived Picozzi "of rights, privileges, or immunities

secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *see also West v. Atkins*, 487 U.S. 42, 48 (1988). The Complaint, as pled, simply fails to allege a basis for federal question jurisdiction.

To the extent Picozzi intended to bring tort claims under Pennsylvania law, there is no basis for jurisdiction over those claims. The only independent basis for the Court's jurisdiction over state law claims is pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Here, the Complaint reflects that the parties are not completely diverse. Accordingly, the Court must dismiss any state claims for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Picozzi leave to proceed *in forma pauperis* and will dismiss his Complaint. As it appears that Picozzi cannot cure the defects in his claims, he will not be permitted to file an amended complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

*/s/ Cynthia M. Rufe*
_____
CYNTHIA M. RUFE, J.